STATE of North Dakota, Plaintiff and Respondent,

v.

Darrel Wayne JOHNSON, Defendant and Appellant.

Cr. No. 328.

Supreme Court of North Dakota.

Dec. 23, 1965.

Helgi Johanneson, Atty. Gen., Bismarck, and M. C. Hiassen, State's Atty., Minnewaukan, for plaintiff and respondent.

Melvin Christianson, Devils Lake, for defendant and appellant.

STRUTZ, Judge.

The defendant appeals from a judgment of conviction in the county court of increased jurisdiction of Benson County on a charge of operating a motor vehicle while his driver's license was suspended. He contends that his driver's license never had been lawfully suspended or revoked and that, at the time of the alleged offense of so operating his motor vehicle, his driver's license was, in fact, in full force and effect.

The facts as disclosed by the record are these:

The defendant was charged in police magistrate court in Esmond, North Dakota, with a traffic violation. He was found guilty of reckless driving by the magistrate on October 5, 1964, and, as part of the sentence imposed upon him on his conviction, he was required to pay a fine.

The defendant, however, failed to pay the fine and thereafter, on October 21, 1964, the police magistrate wrote to the Safety Responsibility Division of the State Highway Department in Bismarck, at which time the magistrate stated that he recommended—

"* * * that the drivers licens of *Darril. Johnson.*, be suspended for 90 days, begining October i9th on the ground.s, of reckless driveing. with out due cair. and by not paying his fine as charged in my office. * * *"

The defendant's license was ordered suspended by the North Dakota Safety Responsibility Division on October 27, 1964, and a copy of such order of suspension was mailed to him at Esmond. A second copy of such order of suspension was mailed to the sheriff's office at Minnewaukan, North Dakota. The defendant failed to surrender his license and, thereafter, a second order of suspension, dated November 16, 1964, was issued by the Safety Responsibility Division, which order stated, in part:

"* * * you have permitted unlawful or fraudulent use of license in that you failed to comply with suspension order # 90756 of October 27, 1964";

and providing that his driving privileges were suspended for an additional year.

The evidence shows that after the sheriff's office had received copies of such orders of suspension, the sheriff saw the defendant driving on the public highways and arrested him for operating a motor vehicle while his driving privileges were suspended. The only proof of service of such orders on the defendant was that a copy had been mailed to him at Esmond. No service of either order of suspension was made on the defendant by the sheriff or the highway patrolman, or in any other manner except by mailing to him at Esmond.

At the close of the State's case, the defendant moved for a dismissal of the charges against him. He urged such dismissal on two grounds. The first was that the only service made upon him was by mailing a notice addressed to him at Esmond, North Dakota, and that there was no proof that he actually had received such notice and that, in fact, at the time his address was Minnewaukan, North Dakota. A second ground urged in support of his motion for dismissal was that the offense for which the defendant had been convicted in magistrate court was not such as gave the Highway Commissioner the authority to suspend his driving privileges. The motion of the defendant was denied and he was convicted. He now appeals from the judgment of conviction.

The defendant's first ground in support of his motion for dismissal of the criminal charges against him was that the only service made upon him was by mailing such notice addressed to him at Esmond, North Dakota, and that, in fact, he resided in Minnewaukan. He urges that the State offered no proof that he actually received notice of such orders and that therefore he could not be guilty of the offense charged.

■ We believe this contention is without merit. The order of suspension was mailed to the defendant at Esmond. This was the address of the defendant at the time he made application for his operator's license. If he moved from the address which is shown on his application or in the license issued to him, and thereafter changed his address, it became his duty, within ten days after such change of address, to notify the Commissioner in writing of his old and his new addresses. Sec. 39–06–20, N.D.C.C.

If he failed to do this, he cannot complain if the notice which was mailed to him at the address shown on his application and his license was not addressed correctly.

The motion of the defendant for dismissal of the charge against him, on the ground that the evidence was insufficient to warrant the jury in bringing a verdict of guilty, presents a more serious question. The authority of the Commissioner to suspend the license of a motor vehicle operator without preliminary hearing is provided by Section 39–06–32, North Dakota Century Code. That authority is limited to those cases where the records of the Commissioner or other sufficient evidence show that the licensee—

"1. Has committed an offense for which mandatory revocation of license is required upon conviction;

"2. Has been convicted of serious offenses against traffic regulations governing the movement of vehicles with such frequency as to indicate a disrespect for traffic laws and a disregard for the safety of other persons on the highways;

"3. Is an habitually reckless or negligent driver of a motor vehicle;

"4. Is incompetent to drive a motor vehicle;

"5. Has permitted an unlawful or fraudulent use of his license;

"6. Has committed an offense in another state which if committed in this state would be grounds for suspension or revocation; or

"7. Has been convicted of driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug, or under the influence of any other drug to a degree which renders him incapable of safely driving a motor vehicle."

■ No evidence was produced by the State to show any of these grounds for revocation. At the time the order for suspension of driving privileges was issued, all that the evidence shows is that the records of the Commissioner disclosed that the defendant had been convicted of reckless driving on one occasion. There is no evidence

that he had committed an offense for which mandatory revocation of license was required, or that he was habitually reckless, or even that the one conviction of reckless driving was for an offense that was serious in its nature. In Morrell v. Hjelle (N.D.), 128 N.W.2d 728, we held that, to authorize suspension of driving privileges for convictions of offenses against traffic regulations affecting the movement of vehicles upon the highways, it is necessary for the Commissioner to show that the driver has been convicted of "serious offenses" against traffic regulations with such frequency as to indicate a disrespect for traffic laws and a disregard for the safety of others on the highways. Here, the State failed to show any of the grounds authorizing suspension by the Commissioner. Merely showing one traffic conviction for reckless driving is not sufficient to justify suspension.

■ On the record in this case, the Commissioner was without authority to suspend the defendant's driving privileges. For reasons stated herein, the judgment of conviction is set aside and the charge against the defendant is dismissed.

BURKE, C. J., TEIGEN and KNUDSON, JJ., and C. F. KELSCH, District Judge, concur.

ERICKSTAD, J., deeming himself disqualified did not participate, Honorable C. F. KELSCH, Judge of the District Court, sitting in his stead.