Paul Raymond ANDRE, Plaintiff and Appellant,

v.

NORTH DAKOTA STATE HIGHWAY COMMISSIONER, Defendant and Appellee.

Civ. No. 9755.

Supreme Court of North Dakota.

July 17, 1980.

Richard B. Baer and Darold A. Asbridge, Bismarck, for plaintiff and appellant.

Robert E. Lane, Sp. Asst. Atty. Gen., State Highway Department, Bismarck, for defendant and appellee State Highway Commissioner.

VANDE WALLE, Justice.

Paul Raymond Andre appeals from a judgment of the Burleigh County district court entered on January 25, 1980, in which the district court affirmed the decision of the State Highway Commissioner to place three points on Andre's driving record for speeding and to suspend his driver's license for 21 days. We affirm.

Andre was charged with speeding near Dickinson, North Dakota. He signed the citation, promising to appear in Stark County court, and posted bond. After the time for which he was cited to appear before the county court had passed, County Court Judge Ewing forwarded the citation to the North Dakota State Highway Department ("Department") with the following notation stamped on the back:

> "STAT. FEE
> "JUL 24 1979
> "THOMAS EWING"

Upon receipt of the citation, the Department assessed three points against Andre. These additional points placed Andre's total point accumulation above the limit permissible under Section 39–06.1–10, N.D.C.C. The Department notified Andre that it intended to suspend his driver's license for 21 days. Andre requested a hearing, at which time his counsel contended that the record of violation, consisting of only a stamped notation, failed to meet the statutory requirement.

The hearing officer, acting as the Commissioner's authorized agent [§ 39–06–33, N.D.C.C.], determined the record was adequate to require the Department to place three points on Andre's record, and ordered suspension of the license. Andre appealed this decision to the district court, which affirmed the decision. Andre now appeals the district court's decision to this court.

Our sole issue for consideration is whether or not the notation on the reverse side of the citation was sufficient to meet the statutory requirements for informing the Department of a traffic-violation admission or adjudication. Chapter 39–06.1, N.D.C.C., contains several statutes that deal with informing the Department of traffic-violation admissions or adjudications.

Section 39–06.1–02 provides, in part, that, "Within ten days after forfeiture of bond or payment of the statutory fee, the official having jurisdiction over the violation shall certify to the licensing authority" admission of the violation and degree of speeding.

Section 39–06.1–03, subsection 4, provides that, "If the official finds that the person had committed the traffic violation, he shall notify the licensing authority of that fact, . . . ."

Section 39–06.1–04 provides that if a person fails to follow one of the procedures under Section 39–06.1–02 or Section 39–06.-1–03, "he shall be deemed to have admitted to commission of the violation charged, and the official having jurisdiction shall report such fact to the licensing authority within ten days . . . ."

Section 39–06.1–10, subsection 1, provides: "When a report of a conviction of a

traffic offense, or admission or adjudication of a traffic violation is received by the licensing authority, the licensing authority shall proceed to enter the proper number of points on the licensee's driving record, . . ."

In this instance, it appears that Section 39–06.1–02 is the applicable statute because Andre had posted bond and within ten days of the time set for hearing Judge Ewing sent the citation containing the stamped notation to the Department. Andre now contends that this notation on the back of the citation does not satisfy the requirement of Section 39–06.1–02 for certification.

It is true that Section 39–06.1–02 says "certify," and that words used in a statute are to be understood in their ordinary sense. Sec. 1–02–02, N.D.C.C. It is also true that when the wording of a statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. Sec. 1–02–05, N.D.C.C.

However, this court has held:

"If the language of a statute is of doubtful meaning, or if adherence to the strict letter of the statute would lead to injustice, absurdity, or contradictory provisions, a duty descends upon the courts to ascertain the true meaning. . . . Thus, in pursuance of the general objective of giving effect to legislative intent, we are not controlled by the literal meaning of the language of the statute, but the spirit or intention of the law prevails over the letter." *Barnes Cty. Ed. Ass'n v. Barnes Cty. Sp. Ed.*, 276 N.W.2d 247, 249 (N.D.1979).

It is not clear from reading the relevant statutes in Chapter 39–06.1, N.D.C.C., what the Legislature intended an official to send to the Department to show a traffic-violation admission or adjudication. Section 39–06.1–02 requires an official to *certify* admission of the violation; Section 39–06.1–03 requires the hearing officer to *notify* the licensing authority of the violation; and Section 39–06.1–04 states if a person fails to follow one of the procedures under Section 39–06.1–02 or Section 39–06.1–03, he shall be deemed to have admitted the violation and the official having jurisdiction shall *report* such fact to the licensing authority.

■ To adhere to the literal meaning of the word "certify" in this instance would lead to the result that a more formal notification is required to show a traffic-violation admission under Section 39–06.1–02 than under the other applicable statutes. We cannot agree with Andre that this was intended by the Legislature. A report of a traffic-offense admission or adjudication is made to the Department so that it may add the points provided by statute for that particular violation to the driver's total and, if the new total exceeds the statutory limit, to suspend his license. Sec. 39–06.1–10, N.D. C.C. No distinction is made between the points that are assessed because a person is deemed to have admitted the violation under Section 39–06.1–02, is found to have committed the violation under Section 39–06.1–03, or is deemed to have admitted the violation under Section 39–06.1–04. Thus there should be no difference in informing the Department that a violation has occurred.

Counsel for the Highway Department has called our attention to the Pennsylvania cases of *Epps v. Commonwealth Dept. of Transp. Bur. of T. S.*, 11 Pa.Cmwlth. 544, 314 A.2d 884 (1974), and *Commonwealth, Dept. of Transportation v. Iorio*, 2 Pa. Cmwlth. 502, 276 A.2d 360 (1971), in which the Commonwealth Court reached different conclusions as to the notification required. The Department's counsel argues this result is based on a difference in statutory language. We have examined those cases and agree that because of the specific statutes there involved, the cases have little bearing on our proceeding.

■ Turning to the record of violation in this proceeding, we find stamped on the reverse side of the citation the notation "STAT. FEE," which the hearing officer read as an abbreviation for the phrase "statutory fee." Section 39–06.1–06, subsection 3, N.D.C.C., provides for a certain sum or statutory fee to be paid and the

points to be assessed for speeding violations. The notation "STAT. FEE" indicates that this amount was paid. Whether it was paid pursuant to the procedures of Section 39–06.1–02 or Section 39–06.1–03 is irrelevant for purposes of this determination. The date stamped on the citation indicates the day the fee was paid or the citation processed. The name "THOMAS EWING," which is the name of the person known to be the judge of the Stark County court of increased jurisdiction, and which is also part of the stamped notation, indicates that the disposition occurred in the Stark County court of increased jurisdiction.

While the record of violation is not so precise and complete as we would like, we hold it is adequate for its intended purpose of informing the Department of the admission or adjudication of a traffic violation. If any clerical error had been made in assessing points to Andre's driving record, this could have been raised at the administrative hearing held pursuant to Section 39–06.1–10, N.D.C.C. No such allegations of error were made by Andre at the administrative hearing.

The record in this instance is adequate for the Department to confirm that Andre's driving record had an accumulated point total of twelve or more and to authorize suspension of his driver's license as required by Section 39–06.1–10, subsection 2.

The judgment of the district court is affirmed.

ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ., concur.