STATE of North Dakota, Plaintiff and Appellee,

v.

Eugene MEHLHOFF, Defendant and Appellant.

Cr. No. 809.

Supreme Court of North Dakota.

April 21, 1982.

Patricia L. Burke, Asst. State's Atty., Bismarck, for plaintiff and appellee State of North Dakota.

Thomas M. Tuntland, of Pulkrabek & Tuntland, Mandan, for defendant and appellant.

VANDE WALLE, Justice.

Eugene Mehlhoff appealed from a criminal judgment of conviction entered against him by the Burleigh County court of increased jurisdiction. We affirm.

Mehlhoff was convicted of violating Section 39–06–42, N.D.C.C., driving while his license was suspended. The basis of his defense in the trial court and on appeal is a challenge to the validity of the suspension of his license by the Driver's License Division of the State Highway Department.

The events which led to Mehlhoff's conviction began on November 22, 1980. Mehlhoff was cited for driving while his license was under suspension and for possession of an open container of an alcoholic beverage in a motor vehicle. Mehlhoff testified at the trial, from which this appeal originated, that on November 24, 1980, he appeared before Dale Zimmerman, judge of the Garrison ˑmunicipal court, and pleaded not guilty to each offense. Mehlhoff further testified that no trial date was set at that time and that he never was ordered or instructed to return to court. Prior to January 21, 1981, the Driver's License Division received an unsigned letter on City of Garrison stationery. The letter reads:

"January 16, 1981

"Drivers License Division

"Capital Grounds

"Bismarck, ND 58501

"Dear Sir:

"Enclosed is a copy of a Complaint of Eugene N. Mehlhoff for Driving under Suspension with failure to appear.

"Please suspend the Drivers License of Eugene.

"Municipal Judge

"Dale Zimmerman"

Enclosed with this letter was a photocopy of only the front of two uniform traffic summonses and complaints. On January 21, 1981, the Driver's License Division sent Mehlhoff a notice of an opportunity for a hearing to determine whether or not his license should be suspended. The notice stated that Mehlhoff had to make a written request for a hearing within ten days or his driver's license would be suspended. Mehlhoff telephoned the Driver's License Division and explained that no trial date had been set by the municipal judge. He was given 21 days to resolve the matter. At trial a clerk of the Driver's License Division stated that, according to a memorandum in Mehlhoff's file, Mehlhoff would attempt to contact the city attorney of Garrison. Apparently neither the city attorney nor the municipal judge of Garrison subsequently contacted the Driver's License Division about the pending suspension of Mehlhoff's license. On February 19, 1981, Mehlhoff's license was suspended indefinitely and on February 25, 1981, Mehlhoff surrendered his license to the Driver's License Division. On July 15, 1981, Mehlhoff again was cited for driving while his license was suspended. He appeared in the Burleigh County court of increased jurisdiction and was found guilty as charged after a bench trial.

There is only one issue in this appeal: whether or not the trial court properly found Mehlhoff guilty of violating Section 39–06–42, N.D.C.C., driving while his license was suspended.[1] Mehlhoff, however, seeks to challenge the validity of the February 19, 1981, license suspension. He argues that because the Driver's License Division invalidly suspended his license he cannot now be guilty of driving while his license was suspended.

At trial Mehlhoff admitted that he was driving a motor vehicle upon a public highway within Burleigh County on July 15, 1981. He also admitted that he was notified of his right to a hearing on the suspension of his license, that he failed to make a written request for a hearing, that he was notified that his license was suspended, and that he subsequently surrendered his license to the Driver's License Division. He cannot now collaterally attack the suspension of his driver's license when he had a prior opportunity to do so, he failed to request a hearing on the suspension, and he then returned his license without contesting the validity of the suspension. Further, Section 39–06–39, N.D.C.C., provides that "[a]ny person . . . whose license has been . . . suspended, . . . may within thirty days . . . file a petition for a hearing of the matter in the district court in the county in which such person shall reside or in the county in which the administrative hearing, if any, was held. . . . The decision of the district court may be appealed to the supreme court . . . in which event the supreme court shall hear and determine the matter de novo upon the record of the proceedings had in the district court." Although Mehlhoff is before this court and arguing the validity of the suspension, the route which he has chosen does not permit us to consider the issue.

Mehlhoff argues that this court's decision in *Johnson v. State*, 139 N.W.2d 157 (N.D. 1965), permits him to challenge the validity of the suspension of his license. In *Johnson*

the defendant appealed to this court from a judgment of conviction of operating a motor vehicle while his driver's license was suspended. The basis for appeal was that his driver's license never had been lawfully suspended. His driver's license was suspended by the Safety Responsibility Division of the Highway Department after he failed to pay a fine for reckless driving. This court reversed the conviction because the State failed to show any of the grounds authorizing the Commissioner to suspend the license.

The facts in the instant case are sufficient to distinguish it from *Johnson*. Section 39–06–32(6), N.D.C.C., permits the Commissioner to suspend the driver's license of a person who "[fails], as shown by the certificate of the court, to appear in court . . . after signing a promise to appear, in violation of section 39–06.1–04, or willful violation of a written promise to appear in court, in violation of section 39–07–08." Failure to appear is precisely what the letter from the Garrison municipal judge states. *Johnson* is further distinguishable from the instant case due to the existence here of Section 39–06–33, N.D.C.C., and the absence of a similar provision available to the licensee when the driver's license of the defendant in *Johnson* was suspended. Section 39–06–33 states that before the Commissioner may suspend a driver's license under Section 39–06–32, "the commissioner shall first give notice of intention to suspend the license. The licensee shall have ten days from the date of receipt of such notice to request, in writing, a hearing upon the intended suspension." A third fact which distinguishes this case from *Johnson* is that Mehlhoff surrendered his license after it was suspended but the defendant in *Johnson* did not. Mehlhoff admits that he received the notice of intention to suspend his license, that he knew of his right to request a presuspension hearing, and that he did not request the hearing. However, the presuspension hearing was the appropri-

---

1. Section 39–06–42 provides, in part, that "any person who drives a motor vehicle on any public highway of this state at a time when his license or privilege so to do is suspended or revoked shall be guilty of a class B misdemeanor."

ate forum for Mehlhoff to present the argument he now urges us to accept. Because he failed to do so he cannot now complain of the result of that failure.

■ Mehlhoff also attempts to convince us that the letter from the Garrison municipal judge was insufficient to comply with the statutory requirement that failure to appear be shown "by the certificate of the court." Sec. 39–06–32, N.D.C.C. We have dealt with a sufficiently similar issue in *Andre v. North Dakota State Highway Comr.*, 295 N.W.2d 128 (N.D.1980). The issue in *Andre* was the method used by a county court judge to notify the Highway Department of the adjudication of a charge of speeding. In *Andre* [295 N.W.2d at 129] the county court forwarded the citation with the following stamped on the back:

"STAT. FEE

"JUL 24 1979

"THOMAS EWING"

Mehlhoff argues that because a copy of only the front of his citations was forwarded it is impossible to determine the disposition of the charges by the municipal judge. The Garrison municipal judge, however, also included a letter typed on the City of Garrison stationery which requested that Mehlhoff's driver's license be suspended for failure to appear. We believe that our decision in *Andre* controls the instant case:

"While the record of violation is not so precise and complete as we would like, we hold it is adequate for its intended purpose of informing the Department of the admission or adjudication of a traffic violation." 295 N.W.2d at 131.

Further, as in *Andre*, any error which Mehlhoff has asserted here could have been raised at the administrative presuspension hearing which Mehlhoff failed to request.

We fail to see how Mehlhoff can collaterally attack the validity of the suspension of his license when he failed to request a presuspension hearing authorized by Section 39–06–33, N.D.C.C. We find it incredible that he surrendered his driver's license to the Driver's License Division, continued to drive during the time in which he knew his driver's license was under suspension, and admitted at trial that he was driving while his license was under suspension, but now argues that the judgment of conviction is faulty because of the manner in which his license was suspended.

We affirm the judgment of conviction of the county court.

ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ., concur.