The STATE of North Dakota, Plaintiff and Appellee,

v.

Reuben Ray LARSON, Defendant and Appellant.

No. 870225.

Supreme Court of North Dakota.

Feb. 25, 1988.

---

Keith William Reisenauer, Asst. State's Atty., Fargo, for plaintiff and appellee; argued by Stephen Dawson, Senior Law Student.

Reuben Ray Larson, pro se.

LEVINE, Justice.

Reuben Larson appeals from a county court judgment of conviction for violating NDCC § 39–06–42 (driving while driver's license is suspended or revoked.) We affirm.

Larson first argues that NDCC § 39–06–01, which requires motor vehicle operators to be licensed, is a "grant of a title of nobility" and unconstitutional under the United States Constitution and the North Dakota Constitution. We have summarily rejected "title of nobility" arguments in both *City of Bismarck v. Vetter*, 417 N.W.2d 186 (N.D.1987) and *State v. Weldon*, 422 N.W.2d 98 (N.D.1988). We hope to put to final rest continuing resort to similar arguments.

Black's Law Dictionary defines "title" as "... in the law of persons ... a name denoting the social rank of the person bearing it," and defines "nobility" as "[i]n English law, a division of the people, comprehending dukes, marquises, earls, viscounts, and barons." Black's Law Dictionary 1331, 944 (5th ed. 1979). A driver's license has no connection with social rank and bestows nothing more than the authority to operate a motor vehicle. We hold that a driver's license is not a grant of a title of nobility.

Larson also argues that NDCC § 39–19–01 (state highway commissioner may enter agreements with other states concerning reciprocity in highway-related matters) is an unconstitutional delegation of legislative authority to an administrative officer and that the Nonresident Violator Compact is an invalid exercise of the state highway commissioner's authority.

In *State v. Mehlhoff*, 318 N.W.2d 314 (N.D.1982), we held that the validity of a driver's license suspension may not be collaterally attacked at a trial for driving under suspension (DUS). We concluded that the proper time to challenge the validity of a driver's license suspension is at a hearing on the suspension. In this case, as in *Mehlhoff*, Larson elected not to challenge the validity of the suspension of his license at a hearing on the suspension. Instead, he mounts a collateral attack on the suspension in this DUS proceeding. We decline to consider Larson's constitutional attacks because they are untimely. *State v. Mehlhoff, supra.*

The judgment is affirmed.

ERICKSTAD, C.J., and MESCHKE, VANDE WALLE and GIERKE, JJ., concur.