STATE of North Dakota, Plaintiff and Appellee,

v.

Ernest LANG, Defendant and Appellant.

Cr. Nos. 900138, 900139.

Supreme Court of North Dakota.

Nov. 29, 1990.

---

Patricia L. Burke (argued), State's Atty., Bismarck, for plaintiff and appellee.

Marvin M. Hager (argued), Bismarck, and Ernest Lang (argued), for defendant and appellant.

LEVINE, Justice.

Ernest Lang appeals from judgments of conviction entered upon jury verdicts finding him guilty of two counts of driving while his license was suspended in violation of Section 39–06–42, N.D.C.C. We affirm.

After Lang was charged with two counts of driving under suspension, his court-appointed counsel filed a pretrial motion, seeking a ruling by the trial court on the admissibility of evidence:

"1. that [Lang's] license was suspended after he failed to pay a fee due on a citation for driving a vehicle which

did not display current registration, and;

"2. that [Lang's] failure to pay that fee was caused by the fact that he was then a pauper and consequently unable to pay the fee, and;

"3. that [Lang] was then a pauper because the government had caused or participated in the wrongful taking of his property."

Citing *State v. Mehlhoff*, 318 N.W.2d 314 (N.D.1982), the court determined that the proffered evidence was inadmissible because it constituted a collateral attack on the administrative suspension of Lang's driver's license.

Lang thereafter discharged his court-appointed counsel and requested an omnibus hearing and a substitute court-appointed counsel. The court denied Lang's request, and he appeared pro se at trial. The State presented evidence that Lang had driven a motor vehicle on August 10 and August 14, 1989, and that his driver's license was suspended on those dates. The jury returned guilty verdicts on both counts.

On appeal,[1] Lang contends that he should have been allowed to introduce evidence to establish the reason why his license was suspended.

In *State v. Mehlhoff*, 318 N.W.2d 314 (N.D.1982), we held that the validity of a driver's license suspension may not be collaterally attacked in a criminal prosecution for driving under suspension. *Mehlhoff* and our subsequent decisions have established that the proper time to challenge the validity of a driver's license suspension is at the administrative hearing on the suspension. *State v. Bettenhausen*, 460 N.W.2d 394 (N.D.1990); *State v. Larson*, 419 N.W.2d 897 (N.D.1988).

Lang argues that *Mehlhoff* is distinguishable from this case because in *Mehlhoff*, the defendant had surrendered his license to the Driver's License Division of the State Highway Department without contesting the validity of the suspension,

---

1. Lang's court-appointed counsel on appeal is not the same counsel that he discharged before trial.

while in this case, Lang has not surrendered his license. *Mehlhoff,* however, stands for the broader proposition that a driver's license suspension is not subject to collateral attack if the licensee had notice of the original suspension but failed to contest it. Lang does not deny that he received notice of intention to suspend his license, which included the right to request an administrative hearing, and he did not request a hearing. The administrative hearing was the appropriate forum for Lang to contest the suspension. Because he did not request an administrative hearing, we conclude that he may not collaterally attack the license suspension in this criminal prosecution for driving under suspension. *Mehlhoff, Larson, Bettenhausen.*

Lang contends that the trial court erred in denying his request for substitute court-appointed counsel.

■ In *In Interest of J.B.,* 410 N.W.2d 530 (N.D.1987), we held that there was no federal constitutional right to appointed counsel of choice in a civil commitment proceeding. We held that a request for substitution of appointed counsel is within a trial court's discretion, and absent a showing of good cause, a trial court's refusal to grant a request is not an abuse of discretion. We cited *State v. LaGrand,* 152 Ariz. 483, 733 P.2d 1066 (1987), *cert. denied,* 484 U.S. 872, 108 S.Ct. 206, 98 L.Ed.2d 157 (1987), a criminal action, for relevant factors to be considered by a trial court in deciding whether good cause exists for substitution of counsel:

> "whether an irreconcilable conflict exists between counsel and respondent; whether new counsel would be confronted with the same conflict; the timing of the motion; inconvenience to witnesses; the proclivity of the respondent to change counsel; the quality of counsel. Consideration of these factors should guide the trial court's exercise of discretion in de-

ciding whether there is good cause for the request to substitute counsel." *J.B., supra,* 410 N.W.2d at 533.

We hold that those factors are applicable to requests for substitution of appointed counsel in criminal proceedings.

■ In this case Lang requested "that the court appoint an attorney that will work for Lang's interest as he may desire." He further stated that his "initial court appointed attorney has failed to present, into the record, a true defense." The court denied Lang's request, concluding that "[p]retrial proceedings indicate that counsel is competently representing the defendant" and that "[t]he defendant cannot expect counsel to pursue matters unrelated to the issues in the present case." The trial court essentially found that new counsel would be confronted with a demand to raise the same "defense" as Lang's initial court-appointed counsel. That "defense" constitutes an improper collateral attack on Lang's license suspension, and new counsel would thus be confronted with the same conflict. Additionally, the trial court specifically found that appointed counsel was competently representing Lang. We conclude that the trial court did not abuse its discretion in denying Lang's request for substitute counsel.

■ Lang also contends that the trial court erred in denying his request for an omnibus hearing under Rule 17.1, N.D.R. Crim.P. Lang requested the omnibus hearing to present the same issue on the admissibility of evidence which the trial court had already decided in the pretrial motion set out above. The trial court did not err in denying Lang's request.

Lang also contends that the jury instructions were biased and false. Before trial, Lang objected to the jury instructions which outlined the jury's duty to accept the law from the court[2] and which required the jury's verdict to be unanimous.

**2.** The court instructed the jury in language similar to pattern NDJI–Civil 1705:

> "DUTY TO ACCEPT LAW FROM COURT
> "While you are the judges of questions of fact in this case, it is your duty to accept the law as it is given to you in these instructions

and to apply the law to the facts as you find them to have been proved. You have no right to disregard the law and look for any theory not supported by evidence upon which to build a verdict one way or the other, nor to

It is well established that verdicts in criminal cases must be unanimous. Art. 1, § 13, N.D. Const.; Section 29–17–12, N.D.C.C.; Rule 31(a), N.D.R.Crim.P. It is also well established that the jury must accept the law from the court and may not base its verdict on its own notion of the law. *See State v. Chambers*, 68 N.D. 410, 280 N.W. 196 (1938). The jury instructions were correct statements of the law.

Lang also contends that Section 39–06–32(6), N.D.C.C.,[3] is unjust because it "puts the discretionary 'Power of Justice' before the Highway Commissioner, instead of the courts, for an adjudication of the criminal violation of 39–07–08." He apparently argues that that statute is unconstitutional. That issue was not raised before the trial court.

Generally, issues not raised before the trial court, including constitutional issues, will not be addressed on appeal. *E.g., State v. Prigge*, 437 N.W.2d 520 (N.D. 1989). This alleged error does not rise to the level of obvious error, and we therefore decline to address it.

We affirm the judgments of conviction.

ERICKSTAD, C.J., and MESCHKE, GIERKE and VANDE WALLE, JJ., concur.

---

return a verdict based upon your own notions of what the law is or ought to be."

3. Section 39–06–32(6), N.D.C.C., provides:
    "*39–06–32. Authority to suspend licenses.* The commissioner may suspend the license of an operator, after hearing, upon proof by a fair preponderance of the evidence, that any of the following apply to the licensee:
    \* \* \* \* \* \*
    "6. Failure, as shown by the certificate of the court, to appear in court or post and forfeit bond after signing a promise to appear, in violation of section 39–06.1–04, or willful violation of a written promise to appear in court, in violation of section 39–07–08."