**STATE of North Dakota, Plaintiff and Appellee,**

v.

**James Peter WATERS, Defendant and Appellant.**

Criminal Nos. 950231, 950232 and 950233.

Supreme Court of North Dakota.

Jan. 30, 1996.

Stuart A. Larson (argued), State's Attorney, Hillsboro, for plaintiff and appellee.

Nelson Law Office, Fargo, and Olson Law Office, Grand Forks, for defendant and appellant; argued by Robin L. Olson.

MESCHKE, Justice.

James Peter Waters appeals from jury convictions of driving under the influence, driving with his license suspended, and fleeing a police officer. We conclude the trial court did not abuse its discretion in denying the last-minute continuance motion by Waters for more time to hire counsel of his choice. We affirm.

On October 29, 1994, Waters was in a one-vehicle accident near Hillsboro, North Dakota, while he was fleeing from a police officer. Waters was charged with driving under the influence, driving with his license suspended, driving without liability insurance, and fleeing a police officer.

On November 2, 1994, Waters's request for court-appointed counsel was granted, and Steven Mottinger was soon appointed as Waters's attorney. On June 8, 1995, Waters received notice that his trial would begin on July 6.

In mid-June, Waters asked attorney Alan Larivee to represent him at trial. Because of a conflict with the trial date, Larivee asked the clerk of court if the trial could be rescheduled. The clerk told Larivee that the court would not reschedule the trial unless Waters formally moved for a continuance. Waters did not move for a continuance, and the trial court assumed Larivee would not represent him at trial. According to Waters, he also unsuccessfully tried to hire attorney Ward Johnson after learning of Larivee's conflict with the July 6 trial date.

On the morning of trial, still represented by Mottinger, Waters orally moved the trial court for a continuance so he could obtain private counsel. After noting that Waters was arrested on October 29, 1994, the court stated: "That's nine months ago. Mr. Waters has had nine months to retain counsel. Unless he has an awfully good explanation as to why he hasn't done that, I'm not inclined to grant any continuances." Waters tried to explain:

> I ended up in the hospital with a broken neck and stuff. It took quite a while before they found the problem and operated on it and stuff. And because of another earlier injury from a construction accident, I had another operation on April 24th on my foot.
>
> So I've been pretty much laid up all year long and stuff, and at that time I didn't have any money or resources.... And I just felt—since then I've made the settlement a little bit with workman's comp and I've gotten some more money and stuff, and I just felt I wanted—how to put it—better legal counsel than what I thought I was receiving; although, Mr. Mottinger is very good and stuff.
>
> I just felt that a private lawyer would probably serve me best than having a court-appointed one, and I have been trying for the last two months to retain a lawyer. After I got the letters back from Mr. Larivee and stuff, I contacted Ward Johnson. And he wasn't going to be available until the 14th, and I couldn't talk to him. He's out on reserves for two weeks. So I have been looking for counsel.

The Court responded:

> There are 500 lawyers that practice law between Fargo and Grand Forks. Now, I don't quite understand how it can come to pass that over a period of seven weeks you can't find a lawyer to try this case....
>
> WATERS: As I said, I just came into some financial resources here recently.
>
> COURT: How recently?
>
> WATERS: About two months ago.

The Court then ruled:

> I'm not going to grant that motion for a continuance. I don't see any reason for it.

I don't see any reason why Mr. Mottinger—there's been no reason offered why Mr. Mottinger can't try this case. There's been no reason offered as to what difference hiring private counsel would be, and I just don't think that ... [a] continuance is in the best interest of justice, particularly in light of the fact that, if this case is continued, we're not going to get it on the calendar for another two months. At the very earliest, probably more like three months.... Motion's denied.

After the State presented its evidence at trial, the trial court ruled there was insufficient evidence for the charge of driving without insurance and dismissed it. A jury then found Waters guilty of driving under the influence, driving with his license suspended, and fleeing a police officer. Waters appealed.

Although Waters concedes that he "was afforded his right to counsel at trial," and that there are no cases "directly on point regarding this issue," Waters argues Article I, § 12 of the North Dakota Constitution grants him the "fundamental right to counsel of his choice if he is financially able to retain counsel." Section 12 declares, "In criminal prosecutions ..., the party accused shall have the right ... to appear and defend in person and with counsel."

Waters argues he "lost his right to an appointed attorney when he became financially able to afford his own and informed the Court." Waters suggests that the trial court did not find that he "was trying to delay the trial" or that the State "would be prejudiced in some way" by the continuance. Therefore, Waters argues, "given this fundamental right to counsel of choice," the trial court acted unreasonably in denying the continuance. We disagree that the trial court abused its discretion here.

■ "A motion for a continuance rests in the discretion of the trial court and its decision to grant or deny a continuance will not be set aside absent an abuse of discretion." *State v. Ash*, 526 N.W.2d 473, 476 (N.D.1995); *see State v. Kunkel*, 452 N.W.2d 337, 339 (N.D.1990). As we explained in *State v. Hammond*, 498 N.W.2d 126, 128

745

(N.D.1993), a trial court abuses its discretion when it acts arbitrarily, unconscionably, or unreasonably.

 "Motions for continuance *shall be promptly filed as soon as the grounds therefor are known* and will be granted only for good cause shown . . . ." NDROC 6.1(b) (emphasis added). Here, Waters admitted to the trial court that he "came into some financial resources" about two months before trial. Waters, however, appears to have contacted only two other attorneys in the two months he had the "financial resources" to hire a private attorney. What is more important, while Waters had four weeks notice of the trial date, he *did not ask for a continuance* until the morning of trial.

Therefore, even assuming a state constitutional right to "counsel of choice," the trial court did not act unreasonably when it denied Waters's last-minute request for a continuance so he could pursue the *possibility* of exercising that right. *See State v. Shores,* 444 N.W.2d 701, 702 (N.D.1989) (right to counsel "is not absolute; it is not paramount to the constitutional power of the judicial branch . . . to adopt reasonable procedures for adjudicating crimes."). After all, a delay would also have adversely affected scarce judicial resources. Absent unusual circumstances, not present here, a trial court does not abuse its discretion by denying a motion to continue a trial at the moment it is to begin.

Moreover, the trial court did not deny Waters his asserted constitutional right to "counsel of choice." Waters had ample time to find a different attorney, request substitute counsel, and show "good cause" for that request. *See State v. Lang,* 463 N.W.2d 648, 650 (N.D.1990) (listing relevant factors for determining whether "good cause exists for substitution of counsel"). On this record, we cannot assume that Waters diligently searched for a different attorney before trial. And even if he had been diligent, he should have moved for a continuance well before the day of trial when he realized the search was failing. By neglecting to move for a continuance in a timely manner, Waters waived any claimed constitutional right to "counsel of choice."

"Questions, the answers to which are not necessary to the determination of an appeal, need not be considered." *City of Fargo v. Ness,* 529 N.W.2d 572, 577 (N.D. 1995). What is more, courts should "refrain from deciding constitutional questions if they can decide a dispute on other grounds." *Little v. Graff,* 507 N.W.2d 55, 59 (N.D.1993). Because Waters failed to exercise his asserted constitutional right to "counsel of choice" in a timely manner, we do not need to decide whether the right to counsel under our state constitution is as absolute as Waters would like it to be.

The convictions are affirmed.

VANDE WALLE, C.J., and LEVINE, NEUMANN and SANDSTROM, JJ., concur.