652 N.W.2d 327 (2002)
2002 ND 154
In the Interest of R.O.
Tami Byzewski, Petitioner and Appellee,
v.
R.O., Respondent and Appellant.
No. 20020228.
Supreme Court of North Dakota.
September 20, 2002.
Sonja Clapp, Grand Forks, for petitioner and appellee; submitted on brief.
Rebecca Jo Heigaard McGurran, Grand Forks, for respondent and appellant; submitted on brief.
SANDSTROM, Justice.
[¶ 1] R.O. appeals from a Northeast Central Judicial District Court order denying his motion for continuance, finding he is a person in need of treatment, and committing him to the North Dakota State Hospital for a period not to exceed ninety days. R.O. argues the trial court did not give him notice sufficiently in advance of the hearing to allow him time to prepare, as required by N.D.C.C. § 25-03.1-12, and erred in denying his motion for continuance. We agree, and reverse the trial court's denial of R.O.'s motion for continuance and order for involuntary treatment.

I
[¶ 2] On July 24, 2002, R.O. was served with the Petition for Involuntary Commitment, Report of Examination, Notice of Procedures and Rights, Order Appointing Attorney, Notice of Hearing and Amended Notice of Hearing. The hearing was set for July 25, 2002, less than twenty-four hours after R.O. was served. R.O. did not receive counsel until just prior to the hearing. R.O. requested a continuance for the purpose of seeking a second opinion as to whether he was a person in need of treatment or whether a less restrictive alternative treatment was appropriate. The State did not object to a one-day continuance, but because of concerns about R.O.'s intravenous drug use, it did not want the matter to be held over through the weekend. R.O. admitted to the court he engaged in intravenous drug use several times per week after being hospitalized for pneumonia at Altru Hospital on August 8, 2002, but he denied being addicted or being a person in need of treatment. The trial *328 court denied R.O.'s request for a continuance.
[¶ 3] Three witnesses testified at the hearing: Vicky Loyland, a licensed addiction counselor at Altru Hospital who had examined R.O. at the direction of his treating physician; Tami Byzewski, R.O.'s case manager since 1997 at Northeast Human Service Center; and Kristie Kuntz, a licensed addiction counselor at Northeast Human Service Center who was familiar with R.O.'s case.
[¶ 4] Loyland testified R.O. was addicted to methamphetamine with psychological dependence and cannabis dependence. She also testified that R.O. posed a risk to himself due to his continued intravenous drug use. She recommended R.O. be placed at a residential facility with day treatment to be completed through the local Human Service Center.
[¶ 5] Byzewski testified R.O. had not been following through on treatment for his mental illness. She identified two occasions when R.O. had been hospitalized due to drug use, and stated R.O. is a danger to himself. She stated in her petition for involuntary commitment that "a less restrictive environment is not feasible at this time due to the severity of his chemical dependency."
[¶ 6] Kuntz recommended that R.O. be committed to the state hospital so he could be treated for both his chemical dependency and his mental illness. She also testified R.O. needed the structured environment offered by the state hospital as opposed to outpatient treatment.
[¶ 7] R.O. renewed his request for a continuance, and the court granted a short recess in the proceedings so that R.O. and his attorney could attempt to locate the primary physician who treated him at Altru on August 8, 2002, to obtain the physician's recommendations. R.O. returned forty minutes later and informed the court he was unable to reach either the physician who treated him or any other physician who was familiar with his medical condition.
[¶ 8] R.O. again requested the court to grant a continuance so he could contact other professionals he knew in the community who would be able to perform an evaluation. The court denied R.O.'s request. R.O. rested and did not submit any evidence or testimony on his behalf. The court found by clear and convincing evidence that he was an individual in need of treatment and committed him to the North Dakota State Hospital for a period not to exceed ninety days. The court found alternative treatment was not appropriate. The court found R.O. would be at substantial risk of physical and even mental deterioration in his condition if the matter were to be continued. R.O. appealed, arguing: first, the court erred in denying his request for continuance; second, the court erred in ruling that R.O. was a person requiring treatment; and third, the court erred in failing to order alternative treatment. On September 10, 2002, the trial court granted an order for less restrictive treatment. The trial court ordered outpatient treatment with daily medication monitoring at Northeast Human Service Center in Grand Forks and specified that R.O. "shall remain chemically free."
[¶ 9] The district court had jurisdiction under N.D.C.C. § 25-03.1-03. This Court has jurisdiction under N.D.C.C. § 25-03.1-29.

II
[¶ 10] Our review of an involuntary commitment order is "limited to a review of the procedures, findings, and conclusions of the lower court." N.D.C.C. § 25-03.1-29. "Motions for continuance... will be granted only for good cause *329 shown...." N.D.R.Ct. 6.1(b). "We will not reverse a trial court's decision to deny a continuance absent an abuse of discretion." Interest of J.S., 545 N.W.2d 145, 146 (N.D.1996) (citing State v. Waters, 542 N.W.2d 742, 744 (N.D.1996)). "`[A] trial court abuses its discretion when it acts arbitrarily, unconscionably, or unreasonably.'" Id. (quoting Waters, at 745).
[¶ 11] Section 25-03.1-12, N.D.C.C., requires notice be given sufficiently in advance of an involuntary commitment hearing "to permit preparation for the hearing." R.O. argues he was not given sufficient notice to adequately prepare and the trial court abused its discretion by denying his motion for continuance. R.O. claims he was denied his state and federal due process rights of notice and a meaningful opportunity for a hearing because he was not afforded sufficient time to prepare for his hearing. Interest of J.S., 545 N.W.2d at 147. We have not stated specifically what this Court considers sufficient notice. In Interest of D.Z., the respondent was not given notice of the hearing until two days before hearing, and the trial court told D.Z. he was allowed a continuance if he needed one. See 2002 ND 132, ¶ 5, 649 N.W.2d 231. We did not address whether two days' notice was untimely, because we concluded D.Z. waived any right he may have had to a continuance by passing up the trial court's offer to grant one. Id.
[¶ 12] R.O. was given less than a twenty-four hour notice and was not provided counsel until just prior to hearing. With less than twenty-four hours' notice, R.O.'s attorney would not have had sufficient time to gather the information from her client and find physicians to testify on R.O.'s behalf. The trial court unreasonably expected that less than twenty-four hours' notice would be sufficient time for R.O. to prepare for the hearing. The trial court unreasonably denied R.O. a continuance. The trial court stated its denial of R.O.'s request for a continuance was in R.O.'s best interest because R.O. admitted he had used intravenous methamphetamine several times per week, even after his hospitalization on August 8, 2002. If the trial court had serious health concerns about R.O., it did not need to deny his request for continuance in order to procure his safety; rather, the trial court should have implemented the seven-day emergency procedure available under N.D.C.C. §§ 25-03.1-25 and 25-03.1-26.[1] R.O. did not waive his right to a continuance; rather, he specifically requested a *330 continuance three times within less than a twenty-four hour period. His first request was denied, and he renewed his objection. Upon his second request, he was granted only enough time to make a few phone calls. His third request was also denied. R.O. was unable to gather any evidence to present at the hearing.

III
[¶ 13] The issue of whether R.O. is a person requiring treatment as defined under N.D.C.C. § 25-03.1-02(11) will need to be addressed on remand. The district court's order for involuntary treatment is reversed and remanded.
[¶ 14] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, MARY MUEHLEN MARING and CAROL RONNING KAPSNER, JJ., concur.
NOTES
[1] N.D.C.C. § 25-03.1-25(2) states:

If a petitioner seeking the involuntary treatment of a respondent requests that the respondent be taken into immediate custody and the magistrate, upon reviewing the petition and accompanying documentation, finds probable cause to believe that the respondent is a person requiring treatment and there exists a serious risk of harm to the respondent, other persons, or property if allowed to remain at liberty, the magistrate may enter a written order directing that the respondent be taken into immediate custody and be detained as provided in subsection 3 until the preliminary or treatment hearing, which must be held no more than seven days after the date of the order.
N.D.C.C. § 25-03.1-26(2) states:
Upon receipt of the petition and notice of the emergency detention, the magistrate shall set a date for a preliminary hearing, if the respondent is alleged to be suffering from mental illness or from a combination of mental illness and chemical dependency, or a treatment hearing, if the respondent is alleged to be suffering from chemical dependency, to be held no later than seven days after detention unless the person has been released as a person not requiring treatment, has been voluntarily admitted for treatment, has requested or agreed to a continuance, or unless the hearing has been extended by the magistrate for good cause shown. The magistrate shall appoint counsel if one has not been retained by the respondent.